This is unlike the promise which revives the remedy, when barred by the statute of limitations, where the bare acknowledgment of an unsatisfied consideration is sufficient; for, in this case, there must be a new promise, an actual responsibility assumed, after arrival at full age. The original contract conferring no legal right, it being only a sufficient consideration to support a new promise. In the case of the statute of limitations, the original contract conferred a right; the remedy only is lost by a lapse of time, which raises a legal presumption that nothing is due, which presumption is repelled, or rather destroyed by the bare acknowledgment of a subsisting or unsatisfied consideration. This, I apprehend, gives rise to what is said in the books, that to support an action on a contract made during infancy there must be an express promise after arrival at full age; whereas, an implied promise will sustain an action, on a demand barred by the statute of limitations. If by an express
promise is meant a promise in words, the law is not so; anything, either by words or acts, which amounts to an assumption or promise of the debt is sufficient as stating an account, for why state the account but to show the sum due, and why show that unless it is to be paid? But I think the judge erred in informing the jury that by the settlement in this case the original contract was ratified. The defendant incurred no other liability than he then assumed, and the balance which he then recognized to be due, or, which is the same thing, which resulted from such recognition, to be ascertained by calculation, not by inference, with every credit and deduction which he then claimed, is the extent of the obligation which he intended to incur; and no farther than such extent should the jury have been instructed to go. The rule for a new trial must, therefore, be made absolute.
HALL, J., concurred.
PER CURIAM. New trial.
Cited: S. c., 12 N.C. 14; Dunlap v. Hales, 47 N.C. 382; Turner v.Gaither, 83 N.C. 363; Bresee v. Stanly, 119 N.C. 281. *Page 301 
(539)